GILLETTE et al. v. DOHENY et al.

(Circuit Court, S. D. California. January 23, 1895.)

EQUITY—DEMURRER—PLACING ON LAW CALENDAR.

Under equity rule 33, giving plaintiff the right to set down for argument defendant's demurrer, and rule 38, providing that if he does not set it down on the rule day when it is filed, or on the next succeeding rule day, he shall be deemed to admit its sufficiency, and his bill shall be dismissed, unless he is given further time, where plaintiff does not have the demurrer set down for argument on the rule day when it is filed (January 7th), and the next rule day is the first Monday of February, it cannot in the meantime be "ready for argument," so as to be put on the law calendar, within rule 39, requiring the clerk, five days before the commencement of the term, to put on the law calendar all cases ready for argument on demurrer, and to enter causes thereon at any time during the term when ready for argument.

Suit by Frederick J. Gillette and others against Edward A. Doheny and others.

James Burdett, for complainants.

Wellborn & Hutton, Harris & Vickery, and W. T. Cheney, for defendants.

ROSS, District Judge. This is a motion on behalf of the defendants to strike from the law calendar the demurrer filed by the defendants. The suit is one in equity. Rule 33 of the equity rules gives to the plaintiff the right to set down the demurrer to be argued, and rule 38 of the equity rules prescribes the penalty for a failure to do so. So far as applicable to this question, it is as follows:

"If the plaintiff shall not * * * set down any plea or demurrer for argument on the rule day when the same is filed, or on the next succeeding rule day, he shall be deemed to admit the truth and sufficiency thereof, and his bill shall be dismissed as of course, unless a judge of the court shall allow him further time for the purpose."

The demurrer in question was filed on the 7th day of January, which was the January rule day of the court, but it was not set down for that day to be argued. The next succeeding rule day will be the first Monday in February. The January term of the court commences the second Monday in January, which, in this instance, was the 14th. Rule 39 of the court, respecting the preparation of the calendar, provides, among other things, as follows:

"Five days before the commencement of every term the clerk shall prepare two calendars, one of which, to be designated the 'law calendar,' shall contain all causes pending before the court and ready for argument on demurrer or exceptions to pleadings, whether causes at law or in equity. * * * Causes will be entered upon the 'law calendar' at any time during the term when at issue or ready for argument."

Rule 42 is as follows:

"On the second day of each term, unless otherwise ordered by the court, and on each subsequent rule day of the term upon which the court is in session, the law calendar will be called and disposed of, and such days shall be known in these rules as 'law days.' Upon the regular call of the law calendar, when no counsel appears to support a demurrer or exception, it will be overruled without any examination of the record, and a motion for new trial, under like circumstances, will in like manner be denied."

The second day of the January term was, in this instance, Tuesday, January 15th, and upon the law calendar for that day the clerk placed the demurrer filed by the defendants on the 7th of January. It is contended by the defendants, and I think rightly, that the demurrer was improperly so placed. As has been seen, the provision of rule 39 is, in effect, that no demurrer shall be placed upon the calendar until the same is ready for argument. Such demurrers as are ready for argument five days before the commencement of the term, the clerk is, by rule 39, required to place upon the law calendar to be prepared by him before the beginning of the term; and such demurrers as become ready for argument during the term are, by the concluding clause of rule 39, to be thereafter entered upon the law calendar by the clerk. When a demurrer in equity becomes ready for argument is to be determined by rules 33 and 38, prescribed by the supreme court of the United States for the government of the United States courts of equity, by the first of which, as has been seen, the plaintiff is given the right to set down the demurrer to be argued, and by the second of which it is declared that if the plaintiff does not do so on the rule day when the demurrer is filed, or on the next succeeding rule day, he shall be deemed to admit the truth and suffi-

ciency thereof, and his bill shall be dismissed as of course, unless a judge of the court shall allow him further time for the purpose. What constitutes the setting down of a demurrer for argument is not expressly defined by the equity rules. According to the equity practice in England, a demurrer is set down for argument by an ex parte order, issued on petition of the plaintiff, and served upon the defendant's solicitor two days before the hearing. 1 Daniell, Ch. Pl. & Prac. (5th Ed.) pp. 595, 596. Under the provisions of rule 5 of the equity rules, a motion to set down a demurrer for argument is grantable of course by the clerk. Its provisions are:

"All motions and applications in the clerk's office for the issuing of mesne process and final process to enforce and execute decrees, for filing bills, answers, pleas, demurrers and other pleadings; for making amendments to bills and answers; for taking bills pro confesso; for filing exceptions, and for other proceedings in the clerk's office which do not, by the rules hereinafter prescribed, require any allowance or order of the court, or of any judge thereof, shall be deemed motions and applications, grantable of course by the clerk of the court. But the same may be suspended, or altered, or rescinded by any judge of the court, upon special cause shown."

And by the preceding rule (4) the entry in the order book of any motion grantable of course by the clerk is made sufficient notice to the parties and their solicitors. An observance of these rules of procedure will secure to the plaintiff the option conferred upon the plaintiff by rule 38 of the equity rules, and to the defendant the right of dismissal under the circumstances prescribed by the same rule. An order will be entered striking the demurrer from the law calendar.